# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ABDIRAHMAN ALI, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 4:16-CV-00463-SPM |
| JENNIFER SACHSE, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Abdirahman Ali's ("Ali" or "Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a response to the Petition. (Doc. 9). Ali did not file a traverse, and the time to do so has passed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 5). For the reasons set forth below, Ali's petition for writ of habeas corpus will be denied.

## I. Background

Ali is currently an inmate at the Missouri Eastern Correctional Center in Pacific, Missouri. Ali was charged with forcible sodomy, and in the alternative, deviate sexual assault, sexual kidnapping, and misdemeanor assault after confining a female customer in his taxi cab and forcing her to place her hand on his penis. Resp't Ex. D at 2. On October 2, 2012, pursuant to a plea agreement, the State abandoned the forcible sodomy count, which carried a potential sentence of life imprisonment, as well as the misdemeanor assault count, and Petitioner pleaded guilty in Missouri Circuit Court of the City of St. Louis to deviate sexual assault and sexual kidnapping.

1

Resp't Ex. A at 23-35. At the plea hearing, Ali testified that he understood that he did not have to plead guilty, that he had the right to a jury trial, that at a trial his attorney would be able to present evidence and witnesses for him, that the State would have to prove him guilty beyond a reasonable doubt, and that if he were convicted he would have the right to appeal. *Id*. at 33-34. The prosecutor stated, *inter alia*, that had the case proceeded to trial, the State would have proven beyond a reasonable doubt that Ali committed the felony of deviate sexual assault in that he had deviate sexual intercourse with C.G., the victim, knowing that he did so without her consent, and that Ali committed the felony of kidnapping, in that he confined C.G. without her consent for a substantial period for the purpose of facilitating the commission of the deviate sexual assault. *Id*. at 28. Ali admitted at the plea hearing that he committed the acts as described by the prosecutor. *Id*. at 29. Ali testified that he understood that the sentencing range for the charges ranged up to twenty-two years if he proceeded to trial. *Id*. at 30. The State recommended a sentence of five years on the kidnapping charge and two years on the sexual assault charge, to run consecutively, for a total of seven years. *Id*. Ali testified that he understood and agreed with the State's recommendation. *Id*. 31.

>The plea court and Petitioner then had the following exchange:
>
>THE COURT: Have you had enough time to talk with [your attorney]?
>
>PETITIONER: Yes, Your Honor.
>
>*****
>
>THE COURT: Have you gone over the police reports with him?
>
>PETITIONER: Yes, Your Honor.
>
>THE COURT: Have you discussed the facts of the case or what the State would—was going to prove against you?
>
>PETITIONER: Yes, Your Honor.

| THE COURT: | All right. Did you ask him questions? |
| --- | --- |
| PETITIONER: | Yes, Your Honor. |
| THE COURT: | Did he answer your questions? |
| PETITIONER: | Yes, Your Honor. |

*****

| THE COURT: | All right. Are you happy with his services? |
| --- | --- |
| PETITIONER: | Yes, Your Honor. |

*****

| THE COURT: | Has anyone threatened you, tricked you, or intimidated you or any member of your family in order to get you to plead guilty? |
| --- | --- |
| PETITIONER: | No, Your Honor. |

*****

| THE COURT: | Are you pleading guilty of your own free will? |
| --- | --- |
| PETITIONER: | Yes, Your Honor. |

*Id.* at 31-35. The court found that Ali's plea was knowing and voluntary, and accepted the plea and sentenced Petitioner to seven years incarceration. *Id.* at 35.

Following sentencing, the court and Petitioner had the following exchange:

| THE COURT: | [Your attorney] went over the police reports with you in this case; is that correct? |
| --- | --- |
| PETITIONER: | Yes. |
| THE COURT: | And he went over the facts of the case with you? |
| PETITIONER: | Yes. |

*****

| THE COURT: | Did you ask him questions? |
| --- | --- |

| | |
|---|---|
| PETITIONER: | Yes. |
| THE COURT: | Did he answer your questions? |
| PETITIONER: | Yes. |
| THE COURT: | Did he come and visit you over there in your jail cell to go— or in the jail to go over with you— |
| PETITIONER: | Yes. |

*****

| | |
|---|---|
| THE COURT: | Now, did you also discuss with him the difference in your sentence if you were to plead guilty as opposed to going to trial and being found guilty by a jury? |
| PETITIONER: | Yes. |
| THE COURT: | Did he tell you that your sentence probably would be more if you were found guilty by a jury? |
| PETITIONER: | Yes. |
| THE COURT: | Yes? You understood that? |
| THE COURT: | Was it your decision to plead guilty? |
| PETITIONER: | Yes. |
| THE COURT: | And you told [your attorney] that you wanted to plead guilty; is that correct? |
| PETITIONER: | Yes. |
| THE COURT: | During the plea did [your attorney] say or do anything that you disagreed with? |
| PETITIONER: | No. No. |
| THE COURT: | Now, [your attorney] had you ready to go today for trial. Do you understand that? |
| PETITIONER: | Yes. I understand. |

| | |
|---|---|
| THE COURT: | So you understood that we were going to trial, but you decided to plead guilty, correct? |
| PETITIONER: | Yes. |
| THE COURT: | Are you happy with his services? |
| PETITIONER: | Yes. |
| THE COURT: | Should I know of any reason at all why he has not done an adequate job for you? |
| PETITIONER: | No. |

*Id.* at 42-44.

Ali filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, in which he claimed that he was denied his rights against self-incrimination, due process of law, and right to a jury trial, due to the ineffectiveness of his plea counsel. Resp't Ex. E at 55. Ali subsequently filed, through counsel, his amended motion for post-conviction relief. *Id*. at 67. In it, Ali asserted that his guilty plea was not knowing and voluntary because plea counsel told him that, unless he pleaded guilty, he would be found guilty and could go to prison for the rest of his life. *Id*. at 71. That motion was subsequently denied. *Id*. at 81. Ali appealed to the Missouri Court of Appeals, Resp't Ex. A, which affirmed the motion court's ruling and denied Ali's appeal. Resp't Ex. C and D.

Ali subsequently filed a petition for writ of habeas corpus in this Court, raising one ground for relief: that his trial counsel was ineffective for informing Ali that he would be found guilty at trial and sentenced to fifteen years to life, thus rendering his plea unknowing, unwilling, and involuntary. (Doc. 1 at 4). Respondent argues that Ali's claim is without merit, and partially procedurally defaulted, as Ali relies on certain facts that were not presented to the state court in his Rule 24.035 motion. (Doc. 3). More specifically, while Ali does not explicitly allege in his

petition that he was coerced by his mother's influence to plead guilty, he does state that after his attorney spoke to his mother regarding possible sentence lengths, that "as an obedient son, Petitioner pled guilty based on his and his mother's reasonable belief that he would undoubtedly be sentenced to more time if he sent [sic] to trial." (Doc. 1 at 8). This particular assertion was not presented to the state courts.

## II. Standard of Review

### A. Standard for Reviewing Habeas Corpus Claims on the Merits

A federal judge may issue a writ of habeas corpus freeing a state prisoner, if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, the judge may not issue the writ if an adequate and independent state-law ground justified the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81-88 (1977).

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under the AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "[A] state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

**B. Procedural Default**

To preserve a claim for federal habeas review, a state prisoner must present that claim to the state court and allow that court the opportunity to address the claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* "A petitioner must present 'both the factual and legal premises' of his claims to the state courts in order to preserve them for federal habeas review." *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994) (quoting *Cox v. Lockhart*, 970 F.2d 448, 454 (8th Cir. 1992). The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the

7

default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992) and *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc)). "The procedural default doctrine and its attendant 'cause and prejudice' standard are 'grounded in concerns of comity and federalism," *Coleman*, 501 U.S. at 730, and apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack. *See Murray v. Carrier*, 477 U.S. 478, 490-92 (1986).

To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Id.* at 488. To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.*" *United States v. Frady*, 456 U.S. 152, 170 (1982). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must " 'present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.' " *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

### III. Discussion

In his sole ground for relief, Ali claims that his attorney was ineffective for informing Ali that if he did not plead guilty he would likely be convicted at trial and could be sentenced to fifteen years to life imprisonment, thus rendering his plea unknowing, unwilling, and involuntary.

This is essentially the claim that Petitioner presented in his amended motion before the state courts, and this Court will review the claim as one adjudicated on the merits, to the extent that Ali relies on the same factual premises relied on by the Missouri courts. To the extent that Ali asserts new factual bases to support his ineffectiveness claim, namely that his attorney convinced Ali's mother that pleading guilty was the better course, and that Ali, as an obedient son, was

8

improperly swayed by his mother's influence to plead guilty, the Court agrees with Respondent that this factual basis could have been presented in his Rule 24.035 motion and was not. Therefore, this factual aspect of Ali's claim is procedurally barred from review by this Court unless Ali can show cause for his default and actual prejudice resulting from the alleged ineffective conduct. Ali presents no argument regarding cause or prejudice, and in any event, the assertion does nothing to strengthen the merits of Ali's claim, as will be further discussed, *infra*.

### A. Ineffective Assistance of Plea Counsel

After a guilty plea, collateral review of the plea "is ordinarily confined to whether the guilty plea was both counseled and voluntary." *Pennington v. United States*, 374 F. Supp. 2d 813, 816 (E.D. Mo. 2005) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). A plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In the context of a guilty plea, a defendant who pleaded guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill*, 474 U.S. at 56-57. The Supreme Court has held that the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984), applies to ineffective assistance claims in the guilty plea context. *Hill*, 474 U.S. at 57-59. To satisfy the first "deficient performance" prong, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 57. To satisfy the second prong in the guilty plea context, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. Furthermore, "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and

9

pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). "[C]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Thompson v. United States*, 872 F.3d 560, 567 (8th Cir. 2017).

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell*, 535 U.S. at 698–99. "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

In evaluating Ali's claim, the Missouri Court of Appeals recognized that his claim must be evaluated using the two-prong test articulated in *Strickland*, and it also recognized that the key question in the guilty plea context is whether the alleged ineffective assistance impinged on the voluntariness and knowledge with which the guilty plea was made. Resp't Ex. D, at 3-4. The Court noted that an attorney's "prediction regarding the possible consequences or outcome of a case does not lead to a finding of coercion rendering a plea involuntary," and in fact, an attorney "has a duty to facilitate a client's understanding of all the possible consequences of alternatives and trial strategies." *Id*. at 4. The court also found that Petitioner's claim was refuted by the record, as Ali "expressed satisfaction with counsel and confirmed that he had not been threatened or coerced to accept the plea," and that "he understood the risk [of proceeding to trial] and opted to plead guilty instead." *Id*. at 3-4. Because the Missouri Court of Appeals found that the record did not support a claim of ineffectiveness, it did not reach the question of whether Ali had also suffered prejudice,

but it noted approvingly that the motion court had found that Ali did not suffer prejudice, as his sentence was "very close to the minimum."

The Missouri Court of Appeals' rejection of this claim did not involve an objectively unreasonable application of *Strickland* or *Hill* to the facts of this case, nor did it involve an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. As the Missouri Court of Appeals noted, Petitioner's claim regarding his counsel's deficient performance—that his counsel coerced him into pleading guilty by predicting that Ali would likely be convicted and could potentially spend life in prison—is refuted by Petitioner's own statements on the record. "While a guilty plea taken in open court is not invulnerable to collateral attack in a postconviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen*, 114 F.3d at 703 (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). "[O]nce a person has entered a guilty plea any 'subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir.1988) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1976). Here, Petitioner testified that he had enough time to discuss the charges with his lawyer before pleading guilty; that his lawyer fully answered his questions; that his lawyer did what Petitioner asked him to do; that his lawyer fully explained Petitioner's rights to him; that Petitioner was happy with the services of his attorney; that no one had threatened him, intimidated him, or tricked him or any member of his family, or in any way forced him to plead guilty against his free will; and that he was pleading guilty of his own free will. Resp't Ex. E, at 31-35. Petitioner's specific representations regarding

his counsel's performance carry a strong presumption of verity, and they directly refute his current allegations.

Furthermore, Ali's claim that his attorney convinced his mother that pleading guilty was the wisest course of action, and that his mother, in turn, swayed him to plead guilty against his free will, while procedurally defaulted, has no merit in any event. The Eighth Circuit has held that while "familial pressure may influence a defendant's decision to plead guilty . . . this pressure does not imply undue coercion such that the plea was involuntary." *United States v. White*, 610 Fed. Appx. 579, 582 (8th Cir. 2015). This conclusion accords with the decisions of other circuits as well. *See e.g. United States v. Robinson*, No. 10-2832, 2011 WL 1790063, at *4 (3rd Cir. Apr. 26, 2011) (family pressure to plead guilty does not render plea involuntary); *United States v. Pellerito*, 878 F.2d 1535, 1541 (1st Cir. 1989) (holding that family pressure, though "probative of an accused's motivation for pleading guilty . . . does not necessarily show coercion, duress, or involuntariness"); *United States ex rel. Brown v. La Vallee*, 424 F.2d 457, 461 (2d Cir. 1970) (concluding that pressure from defendant's mother to plead guilty was not coercive, but rather, "sound advice"). The Court finds that to the extent, if any, that Ali's mother did exert her influence to persuade her son to plead guilty, such influence was likewise "sound advice," and not the sort of coercion that could render a guilty plea involuntary.

In light of Ali's own testimony regarding his counsel's performance and his satisfaction with that performance, the Court finds that the Missouri Court of Appeals' determination that Petitioner's guilty plea was not involuntary due to ineffective assistance of plea counsel was reasonable, was consistent with *Strickland* and *Hill*, and was well-supported by the record. Therefore, Petitioner's sole ground for relief is denied.

## IV. Conclusion

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that reasonable jurists could not differ on Petitioner's claims, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of August, 2019.